UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD HARDRICK, #606507,

        Plaintiff,

v.

JILL BEELER,

        Defendant.
_____/

Case No. 2:24-cv-40

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.   Introduction

Plaintiff — state prisoner Bernard Hardrick — filed suit pursuant to 28 U.S.C. §1983 on March 18, 2024.  (ECF No. 1.)  Hardrick alleges that Clerk of Court Jill Beeler violated his First and Fourteenth Amendment rights by denying him access to courts, and his Fourteenth Amendment rights by discriminating against him based on his incarceration.[1]  (*Id.*, PageID.4.)

The Court granted Hardrick *in forma pauperis* status on March 25, 2024, allowing Hardrick to proceed without prepayment of filing fees.  (ECF No. 4.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which

---

[1]   Hardrick cites to the Michigan Court Rules throughout his complaint but emphasizes that he does not assert any violations of state law. (ECF No. 1, PageID.3.)

relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the undersigned respectfully recommends that the Court dismiss Hardrick's complaint. In the undersigned's opinion, Hardrick's complaint is legally deficient where it seeks monetary damages from an actor who is entitled to quasi-judicial immunity, and where it fails to set forth facts sufficient to state a claim for relief that is plausible on its face.

## II.     Factual Allegations

Hardrick alleges that on December 12, 2023, he "drafted a Private Citizen's Criminal Complaint pursuant to MCL 764.1; MCL 774.4, and MCL 775.12 against [Michigan Department of Corrections] employees . . . concerning criminal misconducts that said employees wrote containing false accusations against [Hardrick]." (ECF No. 1, PageID.3.) Hardrick allegedly mailed the complaint along with a motion to waive fees to the 97th District Court the same day, but he never received any response or confirmation that his complaint had been received and filed. (*Id.*)

According to Hardrick, he has attempted to file civil complaints with the state court in the past. Hardrick says that he normally hears from the court within seven to ten business days. He says that he typically receives a notice that his pleadings

were rejected, because "the 97th District Court E does not accept prisoner cases." (*Id.*) Because he has not received a similar communication in this instance, Hardrick asserts that Defendant Beeler is "completely ignoring and refusing to process [his] criminal complaint." (*Id.*, PageID.3.) He further asserts that Beeler is refusing to process his complaint "*sub silentio*" because of his status as a prisoner. (*Id.*)

### III.  Quasi-Judicial Immunity

As an initial matter, the undersigned notes that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken without jurisdiction. *Johns v. Bonnyman*, 109 F. App'x 19, 21 (6th Cir. 2004) (first citing *Mireles v. Waco*, 502 U.S. 19 (1991); and then citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988)). Courts have extended absolute judicial immunity to non-judicial officers who perform "quasi-judicial" functions. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)). In determining whether an individual is entitled to quasi-judicial immunity, courts employ a "functional" approach, looking to "the nature of the function performed, not the identity of the actor who performed it." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). A court employee who acts as a judge's designee or carries out a function for which the judge is immune is also immune from suit. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997).

Hardrick asserts that Defendant Beeler failed to file his criminal complaint with the state court. This Court has previously determined that "processing documents submitted by a litigant, deciding whether, when, and how to file them, deciding whether a litigant has made a motion, and scheduling or not scheduling hearings on a purported motion, are quintessential quasi-judicial functions for [the purposes of absolute immunity]." *Jonaitis v. Morrison*, No. 1:07-CV-1002, 2008 WL 151252, at *3 (W.D. Mich. Jan. 14, 2008) (footnotes omitted); *see also Pearson v. Oakland Cnty. Cir. Ct.*, No. 1:15-CV 22, 2015 WL 728475, at *4 (W.D. Mich. Feb. 19, 2015) ("Defendants . . . are entitled to immunity for their actions in docketing Plaintiff's filings and in rejecting pleadings that did not comply with court rules."); *Hall v. Bush*, No. 1:20-CV-731, 2021 WL 4239855 (W.D. Mich. July 21, 2021) (collecting cases), *R. & R. adopted*, No. 1:20-CV-731, 2021 WL 3750164 (W.D. Mich. Aug. 25, 2021). Accordingly, the undersigned recommends that the Court rule that Beeler is entitled to quasi-judicial immunity. But even were she not, it is the undersigned's opinion that Hardrick's complaint fails to state a claim.

IV.   **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Hardrick asserts that by failing to file his criminal complaint, Defendant Beeler has

5

denied him access to courts as well as equal protection under the law. (ECF No. 1, PageID.4.) The undersigned addresses Hardrick's claims in turn.

### a. Access to Courts

Prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A prisoner's access to the courts must be adequate, effective, and meaningful. *Bounds*, 430 U.S. at 822, 828. This right is limited to claims where the underlying action is a direct criminal appeal, a petition for writ of habeas corpus, or a civil-rights action. *Lewis*, 518 U.S. at 346.

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). He must then establish that the state actor who caused the injury acted with more than mere negligence. *Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006). Such intent must be established by more than "conclusory allegations or legal conclusions masquerading as factual conclusions." *Id.* (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Although Hardrick's complaint alleges that Defendant Beeler has refused to process his complaint, that allegation is purely speculative. (ECF No. 1, PageID.3.) Hardrick's surrounding allegations make clear that he is *assuming* that Defendant Beeler has refused to process his complaint because he has not received any

communications from the court. This is underscored by Hardick's assertion that Beeler has acted "*sub silentio*" meaning "in silence." (*Id.*)

Furthermore, Hardick complains that Beeler failed to process his "Private Citizen's Criminal Complaint." (ECF No. 1, PageID.2.) But Hardrick's right to access the courts does not encompass such a complaint. *Lewis*, 518 U.S. at 346. Simply put, Hardrick has not alleged law and facts sufficient to state a claim for denial of access to the courts.

### b. Equal Protection

In addition to violating his right of access to the courts, Hardrick asserts that Defendant Beeler's refusal to process his complaint because of his status as a prisoner violated his right to equal protection under the law. (ECF No. 1, PageID.3.)

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff "must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no

7

rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

As an initial matter, the undersigned notes that "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998)). Moreover, the undersigned reiterates that per his complaint allegations, Hardrick has not received any communications from the court or Defendant Beeler regarding his "Private Citizen's Criminal Complaint." (ECF No. 1, PageID.3.) As such, Hardrick's allegations that Defendant Beeler received and refused to process his complaint are purely speculative. And his allegation that Defendant Beeler refused to process his complaint because he is incarcerated is both speculative and conclusory. In the undersigned's opinion, such a conclusory allegation is plainly insufficient to state an equal protection claim. *See Steed v. Harry*, No. 1:17-CV-540, 2017 WL 3205764, at *6 (W.D. Mich. July 28, 2017) ("[V]ague, conclusory allegations of discrimination are not enough to state an equal protection claim."); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.")

## V.    Recommendation

The undersigned respectfully recommends that the Court dismiss Hardrick's complaint. In the undersigned's opinion, Hardrick's complaint is legally deficient where it seeks monetary damages from an actor who is entitled to quasi-judicial

immunity, and where it fails to set forth facts sufficient to state a claim for relief that is plausible on its face.

Dated:   April 5, 2024                                         /s/ *Maarten Vermaat*
                                                                                MAARTEN VERMAAT
                                                                                U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).